IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. FEINBERG<br>8208 Manor Road<br>Elkins Park, PA 19027<br>        Plaintiff,<br>vs.<br><br>SCHOOL DISTRICT OF PHILADELPHIA<br>440 N. Broad Street, Suite 313<br>Philadelphia, PA 19130<br>        Defendant,<br> and<br><br>SCHOOL REFORM COMMISSION<br>440 N. Broad Street, Suite 101<br>Philadelphia, PA 19130<br>        Defendant,<br> and<br><br>SHERRY A. SWIRSKY, individually and in her capacity as General Counsel of the School District of Philadelphia<br>440 N. Broad Street, Suite 313<br>Philadelphia, PA 19130<br>        Defendant. | CIVIL ACTION NO.:<br><br>08-cv-5195<br><br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

Plaintiff, Michael J. Feinberg, by and through his counsel, Fellheimer & Eichen LLP, brings this Complaint against Defendants School District of Philadelphia, School Reform Commission, and Sherry A. Swirsky and in support thereof avers as follows:

### Parties, Immunity, Jurisdiction and Venue

1. Plaintiff, Michael J. Feinberg ("Plaintiff" or "Feinberg") is an adult male individual residing at 8208 Manor Road, Elkins Park, PA 19027.

1

2. Defendant School District of Philadelphia ("SD") is a local educational agency of the Commonwealth of Pennsylvania with an office at 440 North Broad Street, Philadelphia, PA 19130.

3. Defendant School Reform Commission ("SRC") is a local educational agency of the Commonwealth of Pennsylvania and maintains an office at 440 North Broad Street, Philadelphia, PA 19130. The SRC is a state commission which has overseen the operations of the SD since 2001 when the Commonwealth took control of the SD.

4. Defendants SD and SRC are not immune from the claims stated herein because Defendants are "local educational agenc[ies]" within the meaning of the Family and Medical Leave Act of 1993, as amended, ("FMLA"), 29 U.S.C. §§ 2601-2654.

5. Defendant Sherry A. Swirsky ("Defendant Swirsky") is an adult individual who was, at all relevant times, General Counsel of the SD. She maintains an office at 440 North Broad Street, Philadelphia, PA 19130.

6. This Court has jurisdiction pursuant to 42 U.S.C. § 1983, as this case involves federal questions regarding free speech under the First Amendment to the United States Constitution.

7. This Court has jurisdiction pursuant to 28 U.S.C. §1331, as this case involves federal questions regarding Title VII of the Civil Rights Act of 1964, as amended and the FMLA, 29 U.S.C. §§2601 – 2654.

8. This Court has supplemental jurisdiction over all state law claims herein pursuant to 28 U.S.C. §1367.

9. Venue pursuant to 28 U.S.C. 1391(b) lies in this Court as a substantial part of the events or omissions giving rise to the claims herein occurred in the Eastern District of Pennsylvania.

## Facts - Background

10. Plaintiff was hired for the full-time position of Assistant General Counsel in the Office of General Counsel ("OGC") of Defendant SD on or about October 16, 1995.

11. Defendant Swirsky assumed the position of General Counsel during October, 2006.

12. As General Counsel, Defendant Swirsky became and remained Plaintiff's direct supervisor.

## Paternity Leave Facts

13. In 2007 Plaintiff notified Swirsky and SD that he intended to take the eighty-nine (89) days of paternity leave for his child's upcoming birth as guaranteed to Plaintiff under the Family Medical Leave Act ("FMLA") and the policy of defendant SD.

14. Defendant Swirsky was offended by Plaintiff's request for leave under the FMLA and two days later began a campaign of threats and harassment calculated to intimidate Plaintiff and dissuade him from taking time off from work under the FMLA.

15. On April 20, 2007 Plaintiff notified SD's Director of Employee Relations, Andrew M. Rosen of Swirsky's behavior and her demand that Plaintiff seek alternate employment when he returned from leave under the FMLA.

16. By email to Defendant School District dated May 29, 2007, with a copy to Defendant Swirsky, Plaintiff confirmed that his leave period would be May 30, 2007 to August 27, 2007 inclusive ("Paternity Leave"). See email, attached hereto as Exhibit 1.

17. By separate e-mail dated May 29, 2007, Plaintiff also personally notified Defendant Swirsky of the finalized dates of his Paternity Leave. See email, attached hereto as Exhibit 2.

18. On May 30, 2007, Defendant Swirsky contacted Plaintiff by cellular telephone, castigated Plaintiff for taking the Paternity Leave, claimed initially that Plaintiff had not notified her of his leave plans prior his May 29, 2007 e-mail, and, when reminded by Plaintiff of the discussions of April 18 and April 20, 2007, told Plaintiff that the intent of her April 20, 2007 statement was that if Plaintiff took Paternity Leave, he was to seek new employment outside the OGC and outside the SD.

19. Later on May 30, 2007, Defendant Swirsky again contacted Plaintiff by cellular telephone and falsely accused him of not making sufficient arrangements for review of his mail by other OGC employees during his absence.

20. Again, shortly after May 30, 2007, Plaintiff again notified SD's Director of Employee Relations, Andrew M. Rosen of Swirsky's behavior and her demand that Plaintiff seek alternate employment if he returned from FMLA.

**Paternity Leave**

21. Plaintiff began his paternity leave on May 30, 2007.

22. During his Paternity Leave, Plaintiff voluntarily continued to perform most of his duties as Assistant General Counsel, including working at the Office of General Counsel approximately once weekly.

23. On July 6, 2007, Defendant Swirsky wrote and delivered to Plaintiff a memorandum falsely accusing him of excessive absence and threatening disciplinary action. See July 6, 2008 letter, attached hereto as Exhibit 3.

24. On August 2, 2007, two months after Plaintiff had begun his paternity leave, Swirsky sent Plaintiff a letter stating that Plaintiff's exercise of his right to take paternity leave violated the Rules of Professional Conduct 1.1 and 1.3 for attorneys in Pennsylvania and demanded that Plaintiff provide Swirsky with various reports on pending legal matters at the OGC[1]. See August 2, 2007 letter, attached hereto as Exhibit 4.

25. Plaintiff responded in detail to defendant Swirsky's letter of August 2, 2007 by letter dated August 10, 2007 in which Plaintiff accused Swirsky of various violations of law. See August 10, 2007 letter, attached hereto as Exhibit 5. A copy of this letter was sent to Andrew M. Rosen, Director of Employee Relations for the School District of Philadelphia and to Ms. Shawn Crowder, Executive Director of Human Resources.

26. On or about August 10, 2007, without the knowledge or consent of Plaintiff, Defendant Swirsky directed the employees of Defendant School District responsible for information technology at OGC to intercept all e-mail sent to Plaintiff and fully redirect it to another OGC employee in a manner that Plaintiff would have no knowledge or notification that any email directed to him had ever arrived.

27. On August 13, 2007, Defendant Swirsky's above described redirection of Plaintiff's e-mail was put into effect.

28. On September 25, 2007, Defendant Swirsky responded to Plaintiff's letter dated August 10, 2007, stating that she was not responding because an investigation would be made, and reminding Plaintiff of certain confidentiality requirements.

---

[1] This letter was published to at least one additional person.

## The Sabbatical

29. Defendant Swirsky's above-described program of defamation and harassment of Plaintiff caused Plaintiff to suffer from serious health conditions requiring ongoing care and treatment.

30. On July 30, 2007 at the end of his paternity leave, Plaintiff applied for a one year "restoration to health" sabbatical leave to commence on August 28, 2007. The SD approved a 6 month leave.

31. On January 11, 2008, Plaintiff's doctor, Lisa Miller, sent a letter to the Employee Health Services of the SD stating that although Plaintiff had been experiencing a reduction in symptoms during this leave, the symptoms had recently returned when Plaintiff had received correspondence from the OGC delegating assignments for his return to work in January. See January 11, 2008 letter, attached hereto as Exhibit 6.

32. On January 24, 2008 Plaintiff applied for the remainder of the one year "restoration to health" sabbatical leave, which application was approved by the SD.

33. On January 29, 2008 Plaintiff filed a Complaint against the SD and Swirsky with the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission ("EEOC"). See EEOC Complaint, attached hereto as Exhibit 7.

34. On February 8, 2008, Plaintiff was advised that the SD retained outside counsel, Greenberg Traurig, LLP, to look into the violations of law alleged in Plaintiff's letter to Swirsky of August 10, 2007, Exhibit 5, and that any findings resulting from that investigation would be reported directly to the SRC. Plaintiff was instructed by the SD to meet with and cooperate with Robert M. Goldich of Greenberg Traurig concerning its investigation of the claims in Plaintiff's letter of August 10, 2007.

35. On March 3, 2008, Plaintiff met with Robert M. Goldich of Greenberg Traurig and on March 4, 2008 sent Mr. Goldich a letter which referenced emails he had received from Swirsky. See March 4, 2008 letter, attached hereto as Exhibit 8.

36. On March 19, 2007, Plaintiff sent another letter to Robert M. Goldich advising him that defendant Swirsky had made derogatory comments on March 14, 2007 to Andrea Wapner and other attorneys attending a staff meeting with defendant Swirsky about Plaintiff's competency. See March 19, 2007 letter, attached hereto as Exhibit 9.

37. Plaintiff heard nothing about the results of the Greenberg Traurig investigation until he received a letter dated August 4, 2008 from Andrew M. Rosen who at this time was Interim Senior Vice President of Human Resources, advising Plaintiff that his exercise of protected leave rights, along with legitimate nondiscriminatory reasons, was found to have been a factor in certain actions Ms. Swirsky took with respect to Plaintiff and therefore Ms. Swirsky's letters of July 6, 2007 and August 2, 2007 would be rescinded and removed from his employment files. Further, Ms. Swirsky would be required to consult with the Human Resources Department with respect to any disciplinary actions taken against Plaintiff. See August 4, 2008 letter, attached hereto as Exhibit 10.

38. On August 28, 2008, Plaintiff reported for work at the SD.

39. On September 3, 2008, when Plaintiff was back at his job for only three days, Defendant Swirsky resumed her intentional program of harassment of Plaintiff by publicly chastising Plaintiff for taking notes at a staff meeting while other participants in the meeting were not so instructed.

40. As a result of Defendant Swirsky's intentional program of harassment, defamation and disparate treatment of Plaintiff, Plaintiff's serious medical symptoms returned: heart palpitations, anxiety, gastrointestinal reflux disease, and insomnia.

41. After diagnosing these symptoms, Plaintiff's treating physician in a letter dated September 9, 2008, directed that Plaintiff "remain out of work for a period of ten days in an effort to alleviate his symptoms. See September 9, 2008 letter, attached hereto as Exhibit 11.

42. On September 23, 2008, Plaintiff's treating physician directed that Plaintiff remain on sick leave through October 7, 2008.

43. In a letter dated October 3, 2008, the SD told Plaintiff that he would be required to be medically examined by a SD doctor before being allowed to return to work. See October 3, 2008 letter attached hereto as Exhibit 12.

44. On October 6, 2008, Plaintiff's treating physician directed that Plaintiff remain on sick leave through October 21, 2008.

45. Plaintiff met with the SD doctor on November 12, 2008. A lab technician took his blood pressure and pulse, and both were highly elevated. Plaintiff was then seen by Dr. Jones who performed no physical examination and did not comment on his high blood pressure or elevated pulse. Dr. Jones merely said, "Pick a day you want to come back to work." See November 14, 2008 letter of counsel for Plaintiff attached hereto as Exhibit 13.

46. The SD's physical examination was a sham and done to deliberately force Plaintiff to return to a hostile work environment that Defendants knew was injurious to Plaintiff's health and together with prior acts of Defendant constituted a constructive discharge of Plaintiff.

47. By letter dated November 14, 2008, the SD stated that it would consider whether to allow a third-party medical opinion if Plaintiff promptly provided a written opinion from his private doctor contending that there is a difference of opinion as to Plaintiff's ability to return to work. The November 1, 2008 letter concluded by saying that Plaintiff must return to work on November 17, 2008 and that failure to return to work on that date would result in Plaintiff being "coded unauthorized leave without pay." See November 14, 2008 letter, attached hereto as Exhibit 14.

48. Faced with the choice between either returning to work and incurring additional damage to his health or resigning, Plaintiff tendered his resignation effective December 1, 2008. See November 17, 2008 letter, attached hereto as Exhibit 15.

49. In a letter dated November 20, 2008, the SD acknowledged receipt of Plaintiff's letter of resignation and stated that Plaintiff could still submit his doctor's opinion about Plaintiff's ability to work and withdraw his resignation before December 1, the effective date of his resignation. See November 20, 2008 letter, attached hereto as Exhibit 16.

50. On November 21, 2008, Plaintiff's doctor drafted a written diagnosis which states:

> [I]t is my opinion that [Plaintiff] is currently unable to return to work. Initial attempts to return have failed (possibly [due to] continued harassment) as described by the patient. – Symptoms including, but not limited to anxiety, panic attacks, tachycardia, blood pressure elevations, and gastritis. Unless an alternative work environment with different supervision can be provided, I expect the above [patient] to continue to suffer.

See Dr. Miller's diagnosis attached hereto as Exhibit 17.

51. As of December 9, 2008, Plaintiff is not working at the OGC or the SD.

COUNT I

PLAINTIFF v. ALL DEFENDANTS
42 U.S.C. §1983
<u>FIRST AMENDMENT VIOLATIONS</u>

52. Plaintiff incorporates by reference the allegations and facts contained in the preceding paragraphs of this Complaint as though fully set forth herein at length.

53. Defendants violated the provisions of the Civil Rights Act of 1871 as amended, 42 U.S.C. § 1983, in that all Defendants acting under color of State law, deprived Plaintiff of the privileges and immunities secured to him by the First and Fourteenth Amendments of the United States Constitution, and in particular his right to hold employment without infringement of his First Amendment rights to Freedom of speech.

54. Defendants have intentionally, willfully and recklessly engaged in a pattern of harassment creating a hostile work environment designed to deny Plaintiff his First Amendment Rights to freedom of speech.

55. Defendants' actions were designed to penalize and retaliate against Plaintiff for his exercise of fundamental First Amendment Rights and to penalize Plaintiff for filing a complaint with the EEOC and the Pennsylvania Human Relations Commission complaining that Defendants were harassing Plaintiff for exercising his legal right under the Family and Medical Leave Act of 1993, as amended, ("FMLA"), 29 U.S.C. §§2601-2654.

56. The Constitutional Rights of Plaintiff were clearly established rights at all times relevant hereto, and the actions of the Defendants in violating those rights were the result of deliberate choice among alternatives made by Defendants.

57. Such actions were taken by Defendants with a malicious intent to cause a deprivation of Plaintiff's federal constitutional rights and cause him other injuries.

58. The actions of Defendants were in reckless and callous disregard of Plaintiff's rights and intentional violations of federal law.

59. The actions taken by the Defendant Swirsky in her individual were officially implemented, ratified and promulgated by the Defendants in their in their official capacity and their actions represented for constitutional purposes the office policy for the Defendant School District.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to:

   a.   enter a declaratory judgment that Defendants' discriminatory and retaliatory acts policies, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by the United States Federal Constitution legislative enactments and the common law, as well as public policy of the United States and Pennsylvania Constitutions;

   b.   enjoin Defendants from continuing in their discriminatory and retaliatory practices;

   c.   award Plaintiff compensatory damages in a sum in excess of one hundred fifty thousand ($150,000.00) dollars including, but not limited to damages for: pain, suffering, past economic loss, future economic loss, loss of life's pleasures, loss of reputation, as well as loss of other benefits and other damages;

   d.   award reasonable costs and attorney's fees;

   e.   award punitive damages;

   f.   grant any other relief that this Court deems just and proper under the circumstances.

## COUNT II

## PLAINTIFF v. ALL DEFENDANTS

## 42 U.S.C. § 1983

## <u>VIOLATION OF PLAINTIFF'S RIGHT TO DUE PROCESS</u>

60. Plaintiff incorporates by reference the allegations and facts contained in the preceding paragraphs of this Complaint as though fully set forth herein at length.

61. Under the Fourteenth Amendment of the United States Constitution, Plaintiff has a right to procedural due process of the law before Defendants may deprive Plaintiff of his right to his employment with the School District.

62. This property right exists based on the existing rules and understandings between Plaintiff and Defendants creating an implied contract, and gave Plaintiff a property right entitled to protection under the Fourteenth Amendment right to Due Process of Law clause before any Defendant could deprive Plaintiff of said rights.

63. Defendants' actions in failing to either accept the diagnosis of Plaintiff's physician that he was unable to return to work or having another physician conduct a bone fide examination of Plaintiff's physical condition, before demanding that Plaintiff return to a hostile work environment, resulted in a constructive discharge of Plaintiff depriving plaintiff of his employment.

64. The actions of the Defendants were reckless and done with a callous disregard of Plaintiff's rights and irreparably harmed Plaintiff.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to:

a. enter a declaratory judgment that Defendants' discriminatory and retaliatory acts policies, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by the United States Federal Constitution legislative enactments and the common law, as well as public policy of the United States and Pennsylvania Constitutions;

b. enjoin Defendants from continuing in their discriminatory and retaliatory practices;

c. award Plaintiff compensatory damages in a sum in excess of one hundred fifty thousand ($150,000.00) dollars including, but not limited to damages for: pain, suffering, past economic loss, future economic loss, loss of life's pleasures, loss of reputation, as well as loss of other benefits and other damages;

d. award reasonable costs and attorney's fees;

e. award punitive damages;

f. grant any other relief that this Court deems just and proper under the circumstances.

COUNT III

VIOLATION OF FAMILY AND MEDICAL LEAVE ACT

PLAINTIFF v. ALL DEFENDANTS

<u>RETALIATION - HARRASSMENT</u>

65. Defendant School District is an employer within the meaning of, and is therefore subject to the requirements of, the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601-2654 ("FMLA").

66. Defendant Swirsky was, at all relevant times, acting as an agent of Defendant School District, an agent of Defendant Commission, and within the scope of her employment.

67. When Plaintiff applied to use and used his Paternity Leave, he was an eligible employee within the meaning of the FMLA.

68. Defendant Swirsky commenced and conducted an intentional program of harassment, defamation, and disparate treatment against Plaintiff in retaliation for Plaintiff's request for and use of his Paternity Leave and/or in retaliation for having reported her conduct to Defendant School District and/or for having filed discrimination charges with the EEOC.

69. Defendant Swirsky's intentional program of harassment, defamation, and disparate treatment created hostile working conditions so pervasive as to alter the conditions of Plaintiff's employment.

70. Defendant Swirsky's direction that Plaintiff should seek employment outside the Defendant School District when he returned from Paternity Leave unlawfully and intentionally interfered with Plaintiff's protected right to such leave.

71. Defendant Swirsky's direction Plaintiff should seek employment outside the Defendant School District if he utilized his Paternity

WHEREFORE, Plaintiff demands compensatory damages in respect of all compensation lost to Plaintiff by reason of Defendants' violation or monetary losses sustained by Plaintiff as a result of Defendants' violation, statutory liquidated damages, equitable relief in the form of front pay, interest, costs of the action, expert witness fees, attorneys' fees, punitive damages, and such other relief as the jury and the Court deem just.

## COUNT IV

## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

## DISPARATE TREATMENT – GENDER DISCRIMINATION

## PLAINTIFF v. SCHOOL DISTRICT OF PHILADELPHIA

72. Plaintiff incorporates by reference the allegations and facts contained in the preceding paragraphs of this Complaint as though fully set forth herein at length.

73. On January 8, 2008 Plaintiff filed a claim under Title VII of the Civil rights Act of 1964 with the EEOC and cross-filed with the Pennsylvania Human Relations Commission. On October 8, 2008 Plaintiff requested that the EEOC terminate its proceedings and issue a right to sue letter.

74. Defendant SD is an employer within the meaning of, and is therefore subject to the requirements of, Title VII of Civil Rights Act of 1964, as amended. ("Title VII").

75. Plaintiff is a member of a protected class in that Title VII protects both male and female persons from gender discrimination in employment and Plaintiff is male.

76. On information and belief, several female employees of Defendant School District have requested and exercised their right to use leave in respect of the birth of a child, without being subjected to harassment, defamation, or other adverse treatment.

77. It is an express goal of the FMLA that male and female employees be treated equally with regard to protected leave.

78. Plaintiff was at all relevant times qualified for the position of Assistant General Counsel.

79. Because Plaintiff is male, Defendant Swirsky conducted an unlawful and intentional program of harassment, defamation, and disparate treatment of Plaintiff when he requested and when he used leave in respect of the birth of his child.

80. Plaintiff has exhausted his administrative remedies in respect of Defendant's above-described violations in that Plaintiff filed employment discrimination charges with the EEOC on January 29, 2008, more than 180 days have elapsed since that filing, and the EEOC has advised Defendant's counsel that all requirements for issuance of a right-to-sue letter have been met.

WHEREFORE, Plaintiff demands compensatory damages in respect of all compensation lost to Plaintiff by reason of Defendant's violations or monetary losses sustained by Plaintiff as a result Defendant's violations, equitable relief in the form of front-pay, statutory liquidated damages, together with interest, costs of the action including expert witness fees, attorney' fees.

## COUNT V

## LIABLE AND SLANDER PER SE

### PLAINTIFF v. DEFENDANT SHERRY SWIRSKY

81. Plaintiff incorporates by reference the allegations and facts contained in the preceding paragraphs of this Complaint as though fully set forth herein at length.

82. Defendant Swirsky maliciously or negligently published written statements falsely imputing business misconduct to Plaintiff.

83. Specifically, Swirsky wrote a letter dated August 2, 2007 which she titled "Confidential & Personal" but delegated the signing of that letter to another person thereby publishing the content of the letter to that person. A copy of Swirsky's letter of August 2, 2007 is attached hereto as Exhibit 4.

84. Defendant Swirsky also made malicious and defamatory statements to attorney Andrea Wapner at a staff meeting held March 14, 2007 as described by Plaintiff in his letter to Robert Goldich, Esquire on March 19, 2008. During the March 14th staff meeting, Ms. Swirsky falsely told Ms. Wapner and other attorneys and staff attending the meeting that the attorney previously handling the case of Tyrone *While v. SDP*, known to all attorneys present at the meeting to be the Plaintiff, had failed to perform a thorough review of the file and had made no attempt to settle the case. Ms. Swirsky then told all persons present at the meeting that Plaintiff's actions reflected poorly on the School District and tarnished its reputation before a United States District Court judge.

85. As a result of Defendant Swirsky's written and oral statement falsely imputing business misconduct to Plaintiff, Plaintiff has suffered impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering.

WHEREFORE, Plaintiff demands compensatory damages in respect of all injury suffered by Plaintiff as a result of Defendant's conduct together with interest, punitive damages, and such other relief as the jury and the Court deem just.

Respectfully submitted,

**FELLHEIMER & EICHEN LLP**

*[signature]*

Alan S. Fellheimer (PA Attorney ID No. 09842)
Judith E. Fellheimer (PA Attorney ID No. 17732)
1800 John F. Kennedy Blvd., Suite 1400
Philadelphia, PA  19103
*Attorneys for Plaintiff, Michael J. Feinberg*

Dated: December 9, 2008